## WOODS v. CLAVING REALTY CORPORATION et al.

### No. 124, Docket 21150.

United States Court of Appeals Second Circuit.

Jan. 17, 1949.

CLARK, Circuit Judge, dissenting.

———————

George Popkin, of New York City, for defendants-appellants, Claving Realty Corp. and Irving Friedman.

Irwin Leibowitz, of New York City (Henry L. Connors, of New York City, of counsel), for defendants-appellants, Harold C. Samuels Corp. and Harold C. Samuels.

Ed Dupree, General Counsel, Hugo V. Prucha, Asst. General Counsel, and Francis X. Riley, Sp. Litigation Atty., Office of the Housing Expediter, all of Washington, D. C., for Tighe E. Woods, Housing Expediter, plaintiff-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This appeal involves the question which we have dealt with fully in Woods v. William A. White & Sons, 2 Cir., 172 F.2d 356. The question here involved was whether the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., was violated where a broker received commissions from tenants for whom he found apartments in the landlord's building in spite of the fact that he neither procured a tenant for the landlord nor performed any services that were of substantial benefit to the latter within the meaning of the Act and Regulations, but only checked references of tenants, prepared lease forms, and received the first month's rent. The trial court found that the defendant broker procured leases for eight out of the twelve apartments in the building for tenants who had employed him to perform this service. In no instance was the landlord shown to have employed the broker to procure tenants for him.

Inasmuch as there is no material difference between the facts involved in the pres-

ent appeal and those relating to the leases of Hutchinson, Putnam, and Austenson, in Woods v. William A. White & Sons, supra, we hold that the Housing Expediter has made no case against the defendants herein. For the reasons given in our opinion in that action, the judgment against the defendants in the case at bar is

Reversed with directions to dismiss the complaint.

CLARK, Circuit Judge (dissenting).

For the reasons more fully stated in my dissent in the case of Woods v. William A. White & Sons, 2 Cir., 172 F.2d 356, I agree with the conclusions and decision of Judge Ford below, D.C.S.D.N.Y., 77 F.Supp. 533.